**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HERADIO ROMEO RIOS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-26-CV-2024-KC** |
| | § | |
| **CHARISMA EDGE, *Warden*, FCI La Tuna,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Heradio Romeo Rios, Federal Prisoner Number 71284-079, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 8. His opposed petition is dismissed as moot.

**BACKGROUND**

Rios pleaded guilty in McAllen, Texas, to a charge of felon in possession of a firearm. *United States v. Rios*, 7:25-cr-01539-DBT (S.D. Tex.), J. Crim. Case, ECF No. 32. He was sentenced to 22 months in prison followed by two years of supervised release.

Rios was a prisoner at the La Tuna Federal Correctional Institution ("FCI La Tuna") in Anthony, Texas, when he filed his § 2241 petition. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 71284-079, last visited Sep. 24, 2026). He was subsequently transferred by the Bureau of Prisons ("BOP") to the Residential Reentry Office in San Antonio, Texas, and presumably placed in a Residential Reentry Center ("RRC"). *Id.*

In his § 2241 petition, Rios challenges the way Respondent Chrisma Edge has calculated his First Step Act Earned Time Credits ("FTCs") and determined his transfer date from prison to an RRC. Pet'r's Pet., ECF No. 8 at 4. He claims the BOP's calculation of his FTCs results in his RRC placement on September 21, 2026, while his calculation shows he should have been placed in an RRC on June 4, 2026. *Id.* at 4. He asks the Court to grant his petition and order his

"immediate release from prison." *Id.* at 10.

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

Rios' transfer to the Residential Reentry Office in San Antonio may have mooted his request for the Court to order Edge to grant him additional FTCs and order his placement in an RRC. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 71284-079, last visited Sep. 24, 2026).

A court must have an actual case or controversy before it at all stages of the proceedings to meet the requirements of Article III, Section 2, of the Constitution. *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Indeed, a court is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). So, "[a] case becomes moot … when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

Although a § 2241 action "is not moot simply because a petitioner is no longer in custody[, it becomes] moot when the court cannot grant the relief requested by the moving

party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. February 22, 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir.1987)). "Whether an [action] is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *Bailey*, 821 F.2d at 278. "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir.1999) (internal citations omitted)

"Although neither party has raised the mootness issue, this Court is compelled to raise the issue *sua sponte*, since the issue implicates Article III case or controversy considerations." *Donovan v. Air Transp., Dist. Lodge No. 146, Int'l Ass'n of Machinists & Aerospace Workers*, AFL-CIO, 754 F.2d 621, 624 (5th Cir. 1985).

The Court finds that Rios satisfied the jurisdictional "in custody" requirement of § 2241 when he filed his petition. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). But the Court can no longer order Edge to recalculate his FTCs and order his placement in an RRC because Rios has already been transferred to an RRC. And in any event, the Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement including in a community-based facility. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).

Still, "the possibility that the district court may alter [Rios'] period of supervised release pursuant to 18 U.S.C. § 3582(e)(2), if it determines that he has served excess prison time, [may

prevent his] petition from being moot." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). But even if Rios had served a longer custodial sentence than the sentencing court intended, he is not entitled to "'automatic credit' as a means of compensation." *United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998).

Additionally, Rios did not seek a modification of his term of supervised release in his § 2241 petition. But even if he had sought such relief, this Court would not have the jurisdiction necessary to modify the terms of his supervised release. This is because—absent a transfer of jurisdiction to this Court—only the sentencing court in McAllen has the authority to modify the terms of Rios' supervised release. *See* 18 U.S.C. § 3601 ("A person who has been … placed on supervised release … shall … be supervised by a probation officer to the degree warranted by the conditions specified by the sentencing court."); *id.* § 3605 ("A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter ...").

As a result, it is impossible for this Court to grant Rios any effectual relief on his § 2241 petition.

## CONCLUSION AND ORDERS

The Court concludes that Rios' § 2241 petition is moot due to (1) his transfer to an RRC, (2) the Court's inability to designate Rios' place of confinement, and (3) the Court's lack of the jurisdiction necessary to modify the terms of Rios' supervised release. The Court simply cannot grant the relief that Rios seeks in his § 2241 petition. Pet'r's Pet., ECF No. 8 at 10; *see Bailey*, 821 F.2d at 278 (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement"). The Court, therefore, enters the following orders:

**IT IS ORDERED THAT** Petitioner Heradio Romeo Rios' "Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 8) and civil cause are **DISMISSED WITHOUT PREJUDICE** as moot.

**IT IS FURTHER ORDERED THAT** all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**SIGNED this 25th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE